# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIE-PASCALE MOLEMA, on behalf of**
**herself and all others similarly situated,**

          **Plaintiff,**

**-vs-**                                             Case No. 6:05-cv-1859-Orl-31DAB

**BIO-ONE CORPORATION, ARMAND**
**DAUPLAISE, BERNARD SHINDER,**
**FRANK M. CLARK, IRWIN NEWMAN,**
**and ROY LERMAN,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION OF MARIE-PASCALE MOLEMA AND THE REHM FAMILY TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL (Doc. No. 7)** |
| **FILED:** | **February 21, 2006** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |
| **MOTION:** | **MOTION FOR RELIEF FROM LOCAL RULES 3.05 AND 4.04 AND PROPOSED SCHEDULING ORDER (Doc. No. 17)** |
| **FILED:** | **March 15, 2006** |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

> **MOTION:** **JOINT MOTION FOR ENTRY OF SCHEDULING ORDER (Doc. No. 37)**
>
> **FILED:** April 19, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** as set forth herein.

Plaintiffs Molema and the Rehm Family[1] filed this securities class action lawsuit on behalf of those who have purchased or otherwise acquired publicly-traded securities of Defendant Bio-One Corporation between February 4, 2004 and May 9, 2005. In addition to Bio-One Corporation, Plaintiffs have sued several officers of Bio-One as co-defendants: Armand Dauplaise (CEO and Director), Bernard Shinder (Director), Frank M. Clark (Chairman of the Board of Directors), Irwin Newman (Corporate Secretary and Director), and Roy Lerman (Director). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (herein "the Act") and S.E.C. Rule 10b-5; asserting that Defendants made false and misleading statements or failed to disclose adverse facts, which resulted in artificially inflated prices for Bio-One securities purchased or acquired by Plaintiffs and the alleged class.

Plaintiffs Molema and the Rehm Family seek to be appointed as Lead Plaintiffs under the securities laws and to have their counsel appointed as Lead Counsel (Doc. No. 7). Following the filing of their lawsuit on December 16, 2005, and pursuant to the terms of the Private Securities Litigation Reform Act ("PSLRA"), a notice was published informing class members of their right to file a motion for appointment as lead plaintiff. According to the instant Motion, the notice was published on December 22, 2005 (Doc. No. 8-4); thus, the time period for moving to be appointed lead plaintiff expired on February 21, 2006. Plaintiffs Molema and the Rehm Family ("Movants")

---

[1] The Court will refer to several Plaintiffs collectively as the "Rehm Family" as they themselves have chosen to do and for ease of reference: Jeffrey C. Rehm, the Albert Rehm & Charlotte Rehm Family Trust A, ("Rehm Family Trust A"), the Albert Rehm & Charlotte Rehm Family Trust B ("Rehm Family Trust B"), Charlotte J. Rehm, and Ellen Ann Sofie, Jeffrey Rehm has investment control over these entities.

assert without contradiction or opposition by any party, that they have suffered the largest combined losses ($172,173) due to the alleged misconduct. For the reasons set forth herein, it is respectfully **RECOMMENDED** that the Motion be **GRANTED**, that Movants be appointed Lead Plaintiffs and their counsel, Berman DeValerio Pease Tabacco Burt & Pucillo, be appointed Lead Counsel.

### *ANALYSIS*

#### *Appointment of Lead Plaintiff*

The PSLRA provides that "[a]s soon as practicable after [a decision on consolidation] is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . ." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The "most adequate plaintiff" is the one the court determines to be "most capable of adequately representing the interests of the class members . . ." *Id.* at § 78u-4(a)(3)(B)(i).

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally*, *Vincelli v. National Home Health Care Corp.*, 112 F. Supp.2d 1309, 1314 (M.D. Fla. 2000). With respect to Rule 23 requirements, a proposed Lead Plaintiff must establish that its claims are typical of the class, and that it would be an adequate representative.[2]

---

[2] Rule 23(a) provides: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

As noted, Movants are the only investors presently seeking appointment as Lead Plaintiffs. According to the Certifications filed (Doc. No. 8-3), Movants are individual investors willing to serve as representatives of the class. Movants certify that they collectively purchased 5,499,938 shares of Bio-One common stock during the relevant period and estimate their losses at $172,173 on a net basis. (Doc. Nos. 8-2, 8-3). They assert, without contradiction, that they believe they have suffered the largest financial losses of any class members. Moreover, no party has objected to the appointment of Plaintiffs Molema or the Rehm Family, nor is there any evidence before the Court that would suggest that Movants would not be adequate representatives of the class. Movants have already taken significant steps, which demonstrate that they will continue to protect the interests of the class; Molema filed the only Complaint currently on file alleging violations of the federal securities laws, thereby tolling the running of the statute of limitations.

Based on the foregoing, the Court finds that Plaintiffs Molema and the Rehm Family have timely filed a Motion seeking to be appointed Lead Plaintiffs; have adequately set forth (at this preliminary stage) that they have suffered the largest financial losses of the class; and that their claims are typical of those of the class, assuring an adequate community of interest between Movants and other class members. As such, Movants have adequately satisfied the requirements of the PSLRA and Rule 23 and the Court therefore **RECOMMENDS** their appointment as Lead Plaintiffs.

### *Appointment of Lead Counsel*

The other issue for consideration in the Motion is the approval of Movants' choice for lead counsel. The Movants seek approval of their retainer of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo. In support of their Motion, the firm has filed its resume (Doc. No. 8-5). The decision to approve counsel selected by the Lead Plaintiff is a matter within the Court's discretion and is by no means automatic. "Approval of lead counsel necessarily requires an independent evaluation

of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *Vincelli,* 112 F. Supp.2d at 1315 (internal citations omitted).

It appears from the resume of the firm that its attorneys are well-versed in the vagaries of securities class action litigation. The resume notes that the firm is actively involved in the litigation of individual and class action cases alleging securities fraud and a representative dozen are listed, including *In re Fannie Mae Securities Litigation*, *In re Abercrombie & Fitch Co. Securities Ligitation*. *See* Doc. No. 8-5 at 8. The firm has tried securities and antitrust class actions, including cases in the Middle District of Florida, such as *In Re Disposable Contact Lens Antitrust Litigation*. *Id.* The firm's West Palm Beach office is handling the litigation and will not need separate local counsel. *Id.* The Court finds that the class would be well-represented by this firm and the Court therefore **RECOMMENDS** the firm's appointment as Lead Counsel.

It is ORDERED that the Joint Motion for Entry of Scheduling Order (Doc. No. 37) is **GRANTED** in part; Plaintiffs shall file their Amended Complaint by **July 17, 2006.** Defendants shall have 30 days to respond to the Amended Complaint; discovery is **STAYED** pending further order of the Court.

## *CONCLUSION*

For the foregoing reasons, it is therefore **respectfully RECOMMENDED** that the Motion be **GRANTED**; Movants Molema and the Rehm Family be appointed as Lead Plaintiffs and their counsel Berman DeValerio Pease Tabacco Burt & Pucillo be appointed as Lead Counsel.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 2, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy